IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-02303-PAB

GARY DEWILLIAMS,

      Applicant,

v.

RENE R. GARCIA, Warden, FCI-ENGLEWOOD,

      Respondent.

---

## ORDER DENYING MOTION FOR RECONSIDERATION

---

This matter comes before the Court on Applicant Gary DeWilliams' "Motion Pursuant to Rule 60(b)(1) Judge Has Made a Substantial Mistake of Law or Fact in the Final Judgment or Order" [Docket No. 35].  The Court construes the motion liberally as a motion for reconsideration of the Court's July 17, 2014 dismissal order.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*pro se* filings must be construed liberally); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  Applicant filed the motion for reconsideration less than twenty-eight days after the Order of Dismissal and the Judgment were entered in the instant action.

The Court therefore finds that the motion for reconsideration is filed pursuant to Rule 59(e).  *Id.*; *see also* Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  *Id.* (citing *Van Skiver*, 952 F.2d at 1243).  Upon review of the motion for reconsideration and the entire file, the Court concludes that Applicant fails to demonstrate that any of the grounds justifying reconsideration exist in his case.

Mr. DeWilliams asserted in his § 2241 Application that the Federal Bureau of Prisons ("BOP") is calculating his sentence incorrectly.  Specifically, he claimed that the BOP relinquished its custody of him after April 12, 2000, the last time he was transported to this Court on a writ of habeas corpus ad prosequendum for a pretrial conference, and that the BOP calculated incorrectly the commencement of his "new law" sentence or pre-confinement credit.  The Court rejected both claims.  First, the Court concluded that Applicant has been continuously in United States custody since his February 26, 1999 arrest on a parole violator warrant and that the use or non-use of writs of habeas corpus ad prosequendum to procure his attendance at every federal court proceeding did not affect his federal custody.  Docket No. 32, at 6-8.  Second, the Court determined that Applicant was not entitled to additional sentencing credit because he has already received all of the credit to which he is entitled pursuant to 18 U.S.C. § 3585.  *Id.* at 8-11.

In his motion for reconsideration, Applicant continues to press arguments that were addressed and rejected by the Court in the dismissal order.  Revisiting issues that have already been addressed "is not the purpose of a motion to reconsider."  *Van Skiver*, 952 F.2d at 1243.

Applicant also argues that the Court misstated the facts about when his "new law" sentence was imposed, amended, and commenced.  However, upon further review of the documents submitted by Respondent, the Court finds no error in its factual statements in the dismissal order concerning Applicant's "new law" sentence.

Finally, Applicant complains that the Court failed to address an issue he raised about whether the "BOP is calculating the good time based on an invalid [1988] sentence."  Docket No. 35, at 6.  Applicant points to nothing to suggest that the Court misapprehended the facts or the controlling law in determining that the BOP has calculated Applicant's sentence correctly.  To the extent Applicant continues to challenge the validity of his 1988 sentence, he is reminded that his claim is not properly before the court in a § 2241 proceeding, as discussed in the December 4, 2013 Order to Dismiss in Part.  Docket No. 8.

In sum, Mr. DeWilliams has not established any of the major grounds that would justify reconsideration in his case.  *See Servants of the Paraclete*, 204 F.3d at 1012. Accordingly, it is

**ORDERED** that the "Motion Pursuant to Rule 60(b)(1) Judge Has Made a Substantial Mistake of Law or Fact in the Final Judgment or Order" [Docket No. 35],

filed on August 1, 2014, which the Court construes liberally as a motion to reconsider pursuant to Fed. R. Civ. P. 59(e), is DENIED.

DATED August 7, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge